**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 12-1481**

───────────────

LEE BENTLEY FARKAS,

                Plaintiff - Appellant,

      v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

                Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:11-cv-00529-LMB-IDD)

───────────────

Submitted: March 7, 2013          Decided: April 11, 2013

───────────────

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Craig C. Reilly, LAW OFFICE OF CRAIG C. REILLY, Alexandria, Virginia; William B. Cummings, WILLIAM B. CUMMINGS, PC, Alexandria, Virginia; Craig H. Kuglar, LAW OFFICE OF CRAIG KUGLAR, LLC, Atlanta, Georgia, for Appellant. Sylvia H. Walbolt, Joseph Hagedorn Lang, Jr., CARLTON FIELDS, P.A., Tampa, Florida; Caroline Turner English, Jackson D. Toof, ARENT FOX LLP, Washington, D.C., for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Plaintiff-Appellant Lee Bentley Farkas of bank, wire, and securities fraud arising from a multibillion dollar scheme to hide the financial difficulties of his mortgage company, Taylor, Bean & Whitaker Mortgage Corp. ("TBW").[*] TBW held a directors and officers liability policy ("the Policy") with Defendant-Appellee National Union Insurance Company of Pittsburgh, Pa. ("National Union"). National Union had advanced some defense costs to Farkas pursuant to the Policy, but ceased doing so when the jury verdict was entered against him. National Union claimed that two "in fact" exclusions in the Policy allowed it to cease payments. Those provisions excluded coverage for claims "arising out of, based upon or attributable to" (1) "the gaining in fact of any profit or advantage to which an Insured was not legally entitled," and (2) "the committing in fact of any criminal, fraudulent or dishonest act, or any willful violation of any statute, rule or law."

Farkas sued National Union, seeking declaratory and injunctive relief requiring National Union to continue advancing defense costs through at least the conclusion of his criminal appeal. National Union filed an answer and a counterclaim seeking recoupment of the $928,977.59 it had advanced under the

---

[*] We affirmed Farkas's convictions. See United States v. Farkas, 474 F. App'x 349 (4th Cir. 2012).

2

Policy, arguing that because the "in fact" exclusions were triggered, Farkas was never entitled to defense costs to begin with. The district court denied Farkas's motion for a preliminary injunction. Later, on cross-motions for summary judgment, it granted National Union's motion and denied Farkas's, finding that (1) the "in fact" exclusions were triggered by the criminal conviction; and (2) National Union was entitled to recoup the costs it had previously advanced. Farkas timely appealed.

After the case was calendared for oral argument, this Court entered an order withdrawing it from the calendar. Having carefully reviewed the briefs, record, and applicable law, we affirm for the reasons stated by the district court in its thorough opinion. See Farkas v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 861 F. Supp. 2d 716 (E.D. Va. 2012).

AFFIRMED